```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**RONALD MURRAY,**

                **Petitioner,**

        v.                        CASE NO.  08-3096-SAC

**SAM CLINE,**

                **Respondent.**

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Petitioner seeks to challenge his conviction by a jury in the Edwards County District Court, Kinsley, Kansas, of aggravated battery. He was sentenced on April 21, 2004, to 71 months in prison.

**MOTIONS**

Petitioner also seeks leave to proceed without prepayment of fees (Doc. 3), and the court finds his motion should be granted. In addition, petitioner has filed a Motion for Evidentiary Hearing (Doc. 5), the purpose of which he claims is to "try issues of fact;" and a motion treated as one for recusal (Doc. 7) of the undersigned judge. The court finds petitioner's Motion for Evidentiary Hearing is premature, and should be denied without prejudice. The court may order an evidentiary hearing at any time it deems one is necessary, and petitioner may renew his motion at a later, more appropriate time.

The court has considered petitioner's "Motion to Withdraw Voluntarily as Judge" (Doc. 7) as a motion to recuse the undersigned

judge pursuant to 28 U.S.C. §§ 144, and 455.  Petitioner's motion is not supported by the "sufficient affidavit" stating "facts and reasons" for Mr. Murray's belief that the judge has a personal bias against him, as is required by Section 144.  In fact, petitioner states no facts whatsoever in support of his motion.  Instead, the motion contains nothing but petitioner's conclusory statements of bias.  For the same reason, the court finds Mr. Murray has presented no basis for recusal under 28 U.S.C. § 455.  In applying § 455, the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995); United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. Nichols, 71 F.3d at 351; Cooley, 1 F.3d at 993.  Since petitioner alleges no facts in support of his motion, there are none from which a reasonable person could infer doubt regarding this judge's impartiality.  In Nichols, the Tenth Circuit listed frequently alleged bases for recusal that usually do not warrant it, including "rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." Id. 71 F.3d at 351, FN6. It is clear that a judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation." In re Bennett, 283 B.R. 308, 322 (10th Cir. 2002), citing Hinman, 831 F.2d 937, 939 (10th Cir.

2

1987); Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000). Bearing in mind that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require," this court concludes it cannot grant petitioner's motion. Nichols, 71 F.3d at 351; Hinman, 831 F.2d at 939 ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.").

**PROCEDURAL HISTORY**

Petitioner appealed his 2004 conviction pro se, and the Kansas Court of Appeals (KCOA) affirmed on March 24, 2006. He alleges he attempted to file a Petition for Review with the Kansas Supreme Court, but was prevented from doing so when "the K-DOC confiscated his legal materials during a shakedown." His pro se motion for extension of time to file a Petition for Review was denied by the Kansas Supreme Court on May 5, 2006.

On May 8, 2006, petitioner filed a motion for new trial; and on May 16, 2006, he filed "a habeas corpus petition pursuant to K.S.A. 60-1507" in the Edwards County District Court. He also filed some discovery motions. On July 26, 2006, the trial court "summarily denied all motions and petitions." He appealed to the KCOA, which affirmed on November 30, 2007. The appellate court docket in this case indicates Mr. Murray filed a Petition for Review on December 26, 2007.

Petitioner also states that he filed a motion to correct illegal sentence pursuant to K.S.A. § 22-3504, which was apparently

3

denied. He appealed to the KCOA, which affirmed on April 11, 2008. This motion is said to have raised claims of "defects in the charging document." Petitioner further states he filed another 60-1507 motion in the trial court "challenging information/ jurisdiction; ineffective assistance of counsel," and cites Kansas Appellate Case No. 07-99557.

**GROUNDS FOR RELIEF**

As grounds for his federal habeas corpus petition, Mr. Murray claims: (1) part of his motion in limine relating to gang affiliation was erroneously denied; (2) his motion for mistrial based upon testimony which violated the in limine order was erroneously denied; (3) the State withheld exculpatory evidence in violation of Brady; (4) the State "goaded" a witness into violating the in limine order; (5) the State elicited testimony about the truthfulness provision in a witness's plea agreement; (6) cumulative error denied petitioner a fair trial; and (7) denial of effective assistance of counsel.

Petitioner alleges that grounds (1) through (6) were raised on his direct appeal and his 60-1507 motion, while ground (7) was raised only in his 60-1507 motion, and that all grounds have been exhausted.

**ORDER TO SHOW CAUSE**

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

4

2.   petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED THAT:**

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. The response should present:

> (a)  the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and
>
> (b)  an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual

allegations therein contained.

     5.   The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (Doc. 5) is denied without prejudice, and petitioner's "Motion to Withdraw Voluntarily as Judge" (Doc. 7) is denied.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2008, at Topeka, Kansas.


                              <u>s/Sam A. Crow</u>
                              U. S. Senior District Judge