IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**RONALD MURRAY,**

       **Petitioner,**

   **v.**                                          Case No. 08-3096-SAC

**SAM CLINE, et al.**

       **Respondents.**


### O R D E R

This matter is before the court upon petitioner's Motion to Expedite (Doc. 10), and respondent's Motion for Extension of Time (Doc. 12) to file Answer and Return.

The court has considered respondent's Motion for Extension of Time (Doc. 12) to file Answer and Return together with plaintiff's Opposition to Any Motions for Extension of Time (Doc. 11) and Memorandum in Opposition (Doc. 13). In his "Opposition to Any Motions for Extension of Time" (Doc. 11), petitioner does not state any extraordinary facts, which would warrant this court entering a blanket denial of "any" motions for extension of time. All habeas corpus actions by state inmates are necessarily based upon claims that constitutional rights are violated by their continued confinement.

Respondents seek an extension of time on the stated basis that they "are awaiting receipt of the State Court records which are necessary in the preparation of their Answer and Return." In specific opposition to respondent's instant motion, petitioner alleges that the state court records are "still with the Clerk of

the Appellate Courts Office, which is in the same building as the respondent," and claims respondent could walk down the hall and get the records.  He thus argues respondents have not established "good cause" for the requested extension.  Petitioner's allegations and argument do not adequately refute respondents' statement of good cause for their motion.  Petitioner reveals that the appellate courts currently possess the state court records, and does not allege facts indicating the courts are no longer using the original records or by what procedures those records, which are records of the District Court of Edwards County, Kansas, may be transferred to respondents.  It is undisputed that the state court records are not currently in the possession of the Office of the Attorney General.  The court concludes respondents have alleged sufficient good cause for their motion, and it shall be granted.  However, respondents should make every effort to obtain the state court records within a reasonable time.  If any extension is requested beyond the one granted herein, it should not be based upon awaiting receipt of state court records without additional explanation of the process for obtaining those records and reasons for any abnormal delay.

   Petitioner's Motion to Expedite (Doc. 10) is also based on petitioner's general allegations that he has raised constitutional issues and is being illegally incarcerated.  As previously noted, these statements must be made by every habeas corpus petitioner.  Thus, they are not adequate to show that movant is entitled to treatment different from other habeas corpus applicants.  Mr. Murray stands lawfully convicted of a crime and is serving a lawful sentence, until he has proven otherwise.  Respondents are entitled

to adequate time to prepare a response to Murray's Petition, and have been ordered to provide the state court records with their response. The court does treat all habeas corpus petitions in an expedited manner, even though it understandably may not be as expedited as petitioner would like. The court concludes that petitioner does not allege facts which entitle him to more expedited treatment than is afforded through the normal process.

**IT IS THEREFORE ORDERED** that respondent's Motion for Extension of Time (Doc. 12) to File Answer and Return is granted, and respondents are, allowed additional time in which to file their Answer and Return, up to and including July 13, 2008.

**IT IS FURTHER ORDERED** that petitioner's Motion to Expedite (Doc. 10) is denied.

**IT IS SO ORDERED.**

Dated this 29th day of May, 2008, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge