```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RONALD MURRAY,**

        Petitioner,

    v.                  CASE NO.  08-3096-SAC

**SAM CLINE,**

        Respondent.

**RONALD MURRAY,**

        Petitioner,

    v.                  CASE NO.  08-3125-SAC

**SAM CLINE,**

        Respondent.

### O R D E R

The court finds the above captioned cases filed by petitioner, which are both habeas corpus actions challenging the same state conviction, should be consolidated. A show cause order has already issued in the earlier case, and respondent has filed an Answer and Return together with the state court records. The court will now issue another show cause order to respondent regarding those claims raised in the Petition in Case No. 08-3125. The two Petitions as filed in the two separate actions are treated as a single Petition, and all pleadings and materials submitted hereinafter are to be filed in the lead case, No. 08-3096, and not in 08-3125.

Petitioner's "Motion for Discovery of Medical Records" (Doc. 18) and "Motion for Disclosure of Criminal, Juvenile, Arrest, Parole and Probation Records of Prosecution Witnesses" (Doc. 19)

are denied without prejudice. Mr. Murray seeks the medical records of the victim from "the Central Kansas Medical Center in Larned, Kansas;" and the criminal records of all prosecution witnesses who testified at his trial. A habeas petitioner, unlike a regular civil litigant in federal court, is not entitled to discovery as a matter of course. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997), *citing* Rules Governing § 2254 Cases, Rule 6(a). Discovery is available only if the district judge finds "good cause" to order it. Petitioner fails to provide sufficient facts or authority to show good cause for his discovery requests. He does not present facts indicating diligent efforts were made to obtain these records during his state trial or post-conviction proceedings or that they were improperly denied. Nor does he allege sufficient facts indicating that these records would be exculpatory in this federal habeas corpus proceeding, including an explanation of how the victim's medical records concerning pre-existing conditions would call into question the jury's finding that petitioner committed aggravated battery. Nor has petitioner adequately alleged what the criminal records of each prosecution witness would show, or a factual basis that would be substantiated by those records. He has not even attacked the credibility of all the State's witnesses in his Petition. Good cause is not shown where no facts are alleged that would provide a basis for relief. The court concludes that to the extent Mr. Murray is requesting discovery under Rule 6(a) of the Rules Governing Section 2254 Cases, his mainly conclusory allegations in support fail to establish good cause. See <u>Payne v. McKune</u>, 280 F.Supp.2d 1259, 1270 FN8 (D.Kan. 2003), <u>LaFevers v.</u>

Gibson, 182 F.3d 705, 722-23 (10th Cir. 1999)(Good cause is shown if the petitioner makes a specific allegation that shows reason to believe the petitioner may be able to demonstrate he is entitled to relief).

Normally, requests for discovery in habeas proceedings should follow the granting of an evidentiary hearing. Once the responsive pleadings are all submitted, the court will review the state court records of petitioner's criminal proceedings, and may order expansion of that record if good cause becomes apparent. Petitioner may renew his motion at a later time, but will need to provide additional facts in support, not simply declarations of his opinion that these documents are necessary. He is advised to refrain from submitting additional motions until after the final Answer and Return is filed, given he has expressed the desire to expedite rather than further delay these proceedings.

**IT IS THEREFORE ORDERED** that the two above-captioned cases are hereby consolidated for all purposes.

**IT IS FURTHER ORDERED** that:

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted with respect to petitioner's additional claims in Case No. 08-3125.

2. The response should present:

    (a) the necessity for an evidentiary hearing on each of the new grounds alleged; and
    (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' second answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

      4.  The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

      **IT IS FURTHER ORDERED** that petitioner's Motion for Discovery of Medical Records (Doc. 18) and Motion for Disclosure of Records of Prosecution Witnesses (Doc. 19) are denied, without prejudice.

      **IT IS SO ORDERED.**

      Dated this 22nd day of July, 2008, at Topeka, Kansas.

                                          <u>s/Sam A. Crow</u>
                                          U. S. Senior District Judge